**Bobby Ray MARONEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35416.

Court of Criminal Appeals of Texas.

March 6, 1963.

Rehearing Denied April 10, 1963.

Second Motion for Rehearing Denied
June 5, 1963.

Lawrence Arnim, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Bill White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is driving while intoxicated; the punishment, thirty days in jail and a fine of $500.

Officer Shine, of the Houston Police Department, testified that he saw the appellant driving an automobile upon a public street at a rate of speed as high as seventy miles per hour. While his pursuit of the appellant was halted momentarily by congested traffic conditions he heard the sound of screeching tires and the impact of metal; that after traveling further on the street he saw the appellant trying to start his car, that appellant told him of an accident which Officer Shine saw evidence of on the street and appellant's car. Officer Shine further testified that appellant had the odor of alcohol on his breath; that his eyes were bloodshot, his speech not clear and his walk unsteady, and expressed the opinion that the appellant was intoxicated.

Pursuant to appellant's request a blood specimen was taken from him at Jefferson Davis Hospital. An analysis of the specimen showed an alcoholic content of 0.15 per cent. Proof was offered that any person having such percentage of alcohol in his blood would be intoxicated.

Officers Campbell and Rambie testified that in their opinion the appellant was intoxicated when they saw him at the scene of his arrest.

Testifying in his own behalf, the appellant admitted drinking three highballs and a beer before his arrest, but denied being intoxicated when arrested.

By informal bill of exception the appellant complains of the overruling of his amended motion for new trial based upon jury misconduct.

■ The amended motion alleged that during the jury's deliberations Juror Bezdek stated that the appellant would lose his driver's license, then Juror Newsome, the foreman, said that the appellant could go to Louisiana and get a driver's license, and that such statements were outside of the evidence introduced on the trial.

■ He also complains of a juror's statements about two cases of driving while intoxicated in which the minimum punishment of three days and fifty dollars was assessed, and that in one of the cases the defendant had a wreck. Further, that one of the jurors asked another, "If the appellant ran over one of your loved ones and killed them would you still think that he should only have three days in jail?" Also, that Juror Kinzbach stated that if she had known that the appellant was only an ordinary car salesman, instead of her impression that he was a salesmanager of a large automobile firm, she would have questioned the advisibility of the extent of the punishment assessed.

In support of the amended motion the appellant attached the affidavits of Jurors Bezdek and Kinzbach.

■ The state in controverting appellant's amended motion attached the affidavit of Foreman Newsome. His affidavit states in substance that Jurors Bezdek and Kinzbach were concerned about appellant's family and the loss of his job, that they did not want to assess any jail time, but Bezdek suggested that appellant could serve three days on a week end.

On the hearing Jurors Bezdek and Kinzbach were examined chiefly by the use of their affidavits, and Juror Newsome's affidavit was introduced in evidence by the state.

Art. 6687b, Sec. 24, R.C.S., provides that the license of any person shall be automatically suspended upon final conviction for the offense of driving while intoxicated. Hence, the juror made no incorrect state-ment. The arresting officer testified that when he asked the appellant for his license, the appellant gave him an expired driver's license.

The argument and reasons advanced in the statements of the jurors during their deliberations did not violate any statute and were not so obviously improper or patently untrue as to call for a reversal of this conviction.

It is concluded that the trial court did not abuse his discretion in overruling the motion for new trial. Berry v. State, 159 Tex.Cr.R. 492, 265 S.W.2d 86.

The judgment is affirmed.

Opinion approved by the Court.