**Berna Cano MARTINEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46387.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Jr., Dist. Atty., and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The offense is assault with intent to murder with malice; the punishment by the jury, seventeen (17) years.

The record discloses that on December 20, 1971, the appellant, Berna Cano Martinez, shot one Carolina Lozano. As a result of this shooting, Lozano was partially and permanently paralyzed from the waist down, necessitating confinement to a wheelchair. Other testimony indicated that the victim was a former girlfriend of the appellant.

Both of appellant's grounds of error on this appeal relate to the trial court's failure to grant appellant's motion for new trial which motion was based upon two alleged instances of jury misconduct.

First, it is alleged that the jury reached its decision on punishment by a method condemned under Article 40.03, Section 3, Vernon's Ann.C.C.P.; to-wit, by averaging the punishment recommended by each juror and using that quotient as the jury's decision. Secondly, appellant asserts that misconduct occurred when one juror stated to another during deliberations on punishment, "Would you think that eleven years punishment would be enough if this was your mother, your brother or sister who had been shot and who had to be paralyzed for the rest of his life?" This statement, according to appellant, represented "other testimony" within the purview of Section 7 of Article 40.03, supra, and would require a new trial.

At the hearing on the motion for new trial, appellant introduced into evidence affidavits of jurors Maria C. Valdez and Mary Helen Covarrubias which supported appellant's claim that the abovementioned events had occurred during deliberations. Testimony was also taken from these and eight other jurors at the hearing.

Considering the first alleged ground of misconduct, to-wit, the quotient verdict, it is well established in this jurisdiction that before a verdict will be overturned it must be shown that the jurors *agreed* to be bound by the result of the averaging process. Absent such an agreement, there is no error in the jurors using such a device. Brown v. State, Tex.Cr.App., 475 S.W.2d 938; Davis v. State, Tex.Cr.App., 419 S.W.2d 648; Phillips v. State, 152 Tex.Cr.R. 608, 216 S.W.2d 211; Lamb v. State, 75 Tex.Cr.R. 75, 169 S.W. 1158; 41 Tex.Jur. 2d, New Trial, Sec. 79, p. 204. The only evidence in the case at bar of such an agreement was contained in the affidavits of the two jurors. Those affidavits, according to the testimony of the two affiants, were prepared by appellant's counsel for their signature. Testimony at the hearing by these two jurors and the eight others rejected the existence of any agreement to be bound by the outcome of the averaging device used in the jury room. Rather, all insisted that the average reached was only used as a "starting point" and that deliberations continued for some two hours after this number was reached.

It is apparent, therefore, that the central issue on this asserted ground of misconduct is whether or not the jurors had agreed to be bound by the outcome of this averaging device; to-wit, the quotient. The trier of fact obviously concluded that there was not such an agreement. Absent an abuse of discretion, we are bound by that determination. Bartell v. State, Tex.

Cr.App., 464 S.W.2d 863; Trevino v. State, Tex.Cr.App., 409 S.W.2d 853.

Concerning the second alleged occurrence of misconduct, the testimony of most of the jurors and the contents of the affidavits of jurors Valdez and Covarrubias clearly established that something to the effect of "Would you think that eleven years punishment would be enough if this was your mother, your brother or sister who had been shot and who had to be paral zed for the rest of his life?" had been said during deliberations.

A similar remark was considered by this Court in the case of Moroney v. State, 368 S.W.2d 104, 105, wherein it was held that such a statement did not constitute misconduct requiring reversal.

We hold that the statement did not constitute "new testimony" so as to require the granting of a new trial under Article 40.03, Sec. 7, supra, but rather amounted to nothing more than argument.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.