Carlos **HERNANDEZ**, Sr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–330–CR.

Court of Appeals of Texas, Corpus Christi.

March 18, 1987.

Discretionary Review Granted July 29, 1987.

Douglas Tinker, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted by a jury for murder and sentenced to thirty years' imprisonment. The sufficiency of the evidence is not challenged on appeal.

Appellant brings two points of error. By his first point, appellant claims that his motion for new trial was erroneously overruled because the sentence assessed was decided by a "quotient" verdict.

 "A new trial is called for where the jury, in assessing the penalty, agrees to divide by twelve (in a district court) the total of the number of years of imprisonment suggested by each juror, and to adopt the quotient as their verdict." *McIntire v. State*, 698 S.W.2d 652, 667 (Tex.Crim.App. 1985) (Onion, P.J., dissenting). However, when jurors use an averaging device, such as a quotient, without agreeing to be bound by the outcome of such a process, there is no error. *Martinez v. State*, 496 S.W.2d 612 (Tex.Crim.App.1973). The agreement to be bound by the outcome is the evil of any verdict based on anything other than each juror's individual assessment of punishment.

 Two jurors testified at the motion for new trial hearing with regard to the process by which the jury reached a unanimous verdict. The jurors who testified, Rose Perales and Delma Palacios, stated that the jury panel did not simply take an average of the number of years that each juror thought appellant should receive as punishment, but took a range of numbers that they eventually narrowed down to 30 years. On direct-examination, juror Palacios testified that, "It wasn't just like, we vote on it and divide by 12, that was it, you know. We went over it lots of times." Both jurors testified that in the end the verdict of 30 years was everybody's verdict, that they spent several hours deliberating over the number of years, that the

verdict was not the result of mathematical averaging, and that the jurors did not, from the beginning of deliberations, agree to be bound by the outcome. The record reflects that the verdict was reached by a fair expression of opinion by the jurors. Tex.Code Crim.Proc.Ann. art. 40.03(3) (Vernon 1973). We overrule appellant's first point of error.

 By point of error two, appellant asserts that the trial court committed fundamental error by instructing the jury, pursuant to Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon Supp.1986), on the law of parole in its charge on punishment. Appellant's precise contention has been addressed and overruled by this Court and other courts of appeals. *Zaragosa v. State*, 721 S.W.2d 429 (Tex.App.—Corpus Christi 1986, no pet.); *Patton v. State*, 717 S.W.2d 772 (Tex.App.—Fort Worth 1986, no pet.); *Casares v. State*, 712 S.W.2d 818, 821 (Tex. App.—Houston [1st Dist.] 1986, no pet.). We overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.