**Lonnie Ray MALBROUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00581–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1993.

Discretionary Review Refused
April 14, 1993.

S.W.2d ——, —— (Dec. 2, 1992), held that "there is no general duty in Texas not to negligently

Beth McGregor, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Lori Swann, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant guilty of possession of a controlled substance and assessed his punishment, enhanced by two prior felony convictions, at 68–years confinement. We affirm.

In a single point of error, appellant asserts "[t]he jury improperly reached its punishment by a mathematical method and not a fair and full expression of opinion."

A new trial for an accused is mandatory "[w]here the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors." TEX. R.APP.P. 30(b)(3). Immediately after the trial judge read the jury's verdict, appellant's trial counsel requested a jury poll. During the poll, the following exchange occurred between the court and juror Judy Knapp:

inflict emotional distress."

Q: Judy Knapp, is this your verdict? (No response)

Q: Judy Knapp, is this your verdict?

A: If we agreed on a different time, amount of time then we took an average, is it my verdict or not?

Q: Is this your verdict?

A: Yes.

Appellant made no objection to the verdict, and did not file a motion for new trial. After the trial court sentenced appellant and notice of appeal was given, appellant's trial counsel inquired: "May I just make sure that the record did reflect what juror Judy Knapp said?"

The only evidence pertaining to appellant's point of error is the statement juror Knapp made as the jurors were polled before the verdict was received and filed. Although appellant filed no motion for new trial, none is required in order to present a point of error on appeal, "[e]xcept to adduce facts of a matter not otherwise shown of record." TEX.R.APP.P. 30(a). Appellant proceeds on the assumption that the quoted portion of the statement of facts is sufficient to establish his point of error.

■ Where a jury agrees to adopt and be bound by a so-called "quotient verdict," or "verdict by lot," a defendant is entitled to a new trial. *Ramsey v. State*, 146 S.W.2d 192, 193 (Tex.Crim.App.1940); *see McIntire v. State*, 698 S.W.2d 652, 667 (Tex.Crim.App.1985) (Onion, P.J., dissenting) ("Before a new trial will be granted on this basis, however, the jurors must have agreed to be bound by the result of the averaging process"). "Absent such an agreement [to be bound by the result of the averaging process], there is no error in the jurors using this device." *Martinez v. State*, 496 S.W.2d 612, 613 (Tex.Crim.App. 1973); *McIntire*, 698 S.W.2d at 667–68.

■ Appellant argues that a verdict of 68 years "is prima facie evidence that the jury reached a quotient verdict." We disagree. *"The agreement to be bound by the outcome* is the evil of any verdict based on anything other than each juror's individual assessment of punishment." *Hernandez v. State*, 730 S.W.2d 35, 36 (Tex.App.—Corpus Christi 1987) (emphasis added), *vacated and remanded on Rose error*, 761 S.W.2d 8 (Tex.Crim.App.1988). "[B]efore a verdict will be overturned it must be shown that the jurors *agreed* to be bound by the result of the averaging process." *Martinez*, 496 S.W.2d at 613 (emphasis in original). Appellant has the burden to develop this evidence. "[A] motion for new trial which alleges, *inter alia*, jury misconduct 'must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits.'" *McIntire*, 698 S.W.2d at 658 (quoting *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Crim.App.1985)). *See Williams v. State*, 780 S.W.2d 802, 803 (Tex.Crim.App.1989) (overruling *Dugard* on an unrelated ground).

■ Juror Knapp's quoted question—in response to the trial court's question—does not show that the jurors agreed, either expressly or impliedly, to be bound by the resulting averaged figure. We find the case before us to be distinguishable from *McIntire*, upon which appellant relies as compelling a reversal. In *McIntire*, a juror affidavit showed an *implied* agreement among the jurors to be bound by an average; McIntire was therefore entitled to a hearing on his motion for new trial "wherein the existence *vel non* of such an advance agreement can be thoroughly investigated". 698 S.W.2d at 659. Unlike *McIntire*, in our case there are no juror affidavits to consider. Because *McIntire* and *Dugard* require affidavits to show the jurors' agreement to be bound by an average, appellant's evidence, standing alone, did not suffice to compel the trial court to grant a new trial.

Appellant has not shown error, and his point of error is overruled.

We affirm the trial court's judgment.