**In the Matter of J.F., Jr., A Minor.**

No. 04–96–00012–CV.

Court of Appeals of Texas,
San Antonio.

April 23, 1997.

Rehearing Overruled May 15, 1997.

George E. Shaffer, San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

On the court's own motion, we withdraw the opinion issued April 16, 1997, and substitute this opinion, correcting a misstatement of fact, in its place. This is an appeal from a conviction of burglary of a habitation, aggravated robbery, and capital murder. In three points of error, appellant contends that 1) the jury committed error by discussing disposition during their deliberations at the guilt/innocence stage of the trial; 2) the trial court erred in denying appellant's motion for new trial based on newly discovered evidence of jury misconduct; and 3) appellant received ineffective assistance of counsel. We affirm.

## ARGUMENT AND AUTHORITY

### A. Jury Misconduct

#### 1. *Considering Matters Not in Evidence*

In his first point of error, appellant contends that the jury committed error by discussing matters concerning punishment during the guilt/innocence phase of the trial, thus injecting into its consideration matters not in evidence and outside of the court's instructions. During their deliberations regarding appellant's guilt or innocence, the jury requested the following information from the trial court:

"[A]t what age would [appellant] go to an adult institution?"

"[H]as [appellant] been in jail since the charges on this robbery occurred?"

"[W]here would he do time, would it be here or at a larger adult institution?"

Following discussions with appellant, his counsel, and counsel for the state, the trial court's response to each question was, "You have all of the law and evidence that is relevant before you, please continue to deliberate." Appellant contends that the trial court should have instructed the jury to limit their deliberations to the issues before them and should have admonished the jury not to indulge in discussions regarding punishment or sentencing. Because it did not, appellant asserts that he was unfairly prejudiced.

At the time that the jury's questions were considered, appellant's counsel made no objection to the questions themselves, the implications of the questions, or the trial court's response. In fact, the record reflects that appellant's counsel assisted the trial court in formulating the response actually given by the trial court. Accordingly, appellant has failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 52(a).

Nevertheless, jury misconduct is present only when an outside influence affects the verdict. An outside influence is not automatically present simply because the jury considers matters not in evidence. *Moon v. Firestone Tire & Rubber Co.,* 742 S.W.2d 792, 793 (Tex.App.—Houston [14th Dist.] 1987, writ denied). The fact that the jury in the present case may have considered the effects of their decision in the guilt/innocence stage of the trial is not indicative of an outside influence affecting their decision. There is no evidence, other than appellant's speculation, that the jury's discussion of punishment had any influence on their findings regarding appellant's delinquent conduct.

We note that "modern juries are intelligent, sophisticated, to the degree that they can accurately and conscientiously follow the plain instructions of the trial judge." *Shorten v. State,* 764 S.W.2d 358, 360 (Tex. App.—Beaumont 1989, pet. ref'd). Absent a clear showing to the contrary, we must presume that the jury followed both the trial court's instructions in the charge and the trial court's response to its questions. *Smith v. State,* 898 S.W.2d 838, 880 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995); *Rose v. State,* 752 S.W.2d 529, 554 (Tex.Crim.App.1987). Appellant has offered no evidence to rebut this presumption. As such, we must conclude that the jury heeded the trial court's admonition that all of the relevant law and evidence was before them. Because the law and evidence did not include information on punishment, we must also conclude that the jury did not consider punishment in following the trial court's charge to limit their deliberations to whether appellant engaged in delinquent conduct. Appellant's first point of error is overruled.

### 2. Quotient Verdict

In his second point of error, appellant complains that the trial court erred in denying his motion for new trial, in which he alleged that the thirty year sentence imposed by the jury was the result of a quotient verdict. A new trial shall be granted to an accused where "the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors." TEX.R. APP. P. 30(b)(3). Specifically, where a jury agrees to adopt and be bound by a "quotient verdict" a defendant is entitled to a new trial. *Malbrough v. State,* 846 S.W.2d 926, 927 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd)(citing *Ramsey v. State,* 140 Tex.Crim. 561, 146 S.W.2d 192, 193 (1940)).

A quotient verdict occurs where the jury agrees to divide by twelve the total of the number of the years of imprisonment suggested by each juror, and to adopt the quotient as their verdict. *McIntire v. State,* 698 S.W.2d 652, 667 (Tex.Crim.App.1985)(Onion, P.J., dissenting). Before a verdict will be overturned on this basis, however, it must be demonstrated that the jurors agreed in advance to be bound by the result of the averaging process. *Martinez v. State,* 496 S.W.2d 612, 613 (Tex.Crim.App.1973). A determination of whether such an agreement existed is in the discretion of the trial court. *Id.* Absent a finding of such an agreement, there is no error shown. *See id.*

At the hearing on appellant's motion for new trial, three of the twelve jurors testified. Anita Torres testified that, at the start of deliberations, nine of the jurors wanted to assess the maximum punishment and three of the jurors wanted to assess a lower sentence. She testified that the jurors each agreed to write their proposed sentence on a piece of paper and pass the paper to the foreman, who would add the numbers together and divide the sum by twelve. Torres testified that the jurors agreed to use the resulting number as the verdict before the number was reached. However, later in her testimony, Torres stated that she understood that the resulting number would be a starting point for deliberations. She further testified that, after the number was reached, each of the jurors was given an opportunity to change his or her mind or to have more time to deliberate. Torres admitted that she did not feel bound by the averaged number.

Cecil Foster testified that the jurors agreed to use the averaged number as the verdict only after the number was reached and the jury deliberated on it. He testified that there was no agreement to be bound by the number before the number was actually reached. Foster testified that he did not feel bound by the averaged number. Likewise, Dudley Buttler, the jury foreman, testified that the averaging system was used to reach a starting point for deliberations. He testified that there was no agreement to use the averaged number as the verdict until the number had been reached and the jury had discussed it. He testified that if a juror had not agreed to the number, the jury would have continued deliberations.

A decision to grant or deny a motion for new trial based upon jury misconduct is in the sound discretion of the trial court. *Hughett v. Dwyre,* 624 S.W.2d 401, 410 (Tex. App.—Amarillo 1981, writ ref'd n.r.e.). Absent a clear abuse of discretion, we are bound by the trial court's determination. *Martinez,* 496 S.W.2d at 613. The record in this case does not reflect that the jurors agreed, either expressly or impliedly, to be bound by the averaged number. Torres, Foster, and Buttler all testified that the average was used as a starting point and that deliberations continued after the average was reached. Although Torres testified that the jurors agreed in advance to be bound by the averaged number, her testimony conflicted with her remaining testimony and with that of Foster and Buttler. Based upon this evidence, we cannot say that the trial court abused its discretion in determining that there had been no prior agreement to use the result of the averaging process as the verdict. Appellant's second point of error is overruled.

## B. Ineffective Assistance of Counsel

In his third point of error, appellant alleges four specific instances of ineffective assistance of counsel at trial. First, appellant faults his trial counsel for failing to secure a

jury instruction on abandonment and renunciation where his theory of the case was that appellant committed the robbery and the burglary but not the murder. Second, appellant complains that his trial counsel failed to object to the jury charge where the law of parties was not applied to the facts of the case. Next, appellant alleges that his trial counsel should have requested a mistrial when it became evident that the jury was considering punishment during the guilt/innocence phase of the trial. Finally, appellant contends that a variety of trial errors, including failure to object and failure to call witnesses, cumulatively resulted in ineffective assistance of counsel.

### 1. Standard of Review

The court of criminal appeals has adopted the test for ineffective assistance of counsel first enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Holland v. State*, 761 S.W.2d 307, 314 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986). Under the *Strickland* analysis, a convicted defendant must demonstrate by a preponderance of the evidence first, that trial counsel's performance was so wrought with error that the attorney was not functioning effectively as counsel, and then, that trial counsel's deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland*, 466 U.S. at 689–94, 104 S.Ct. at 2065–68; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Cr.App.1994). A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Whether a defendant has received effective assistance of counsel is to be judged by the totality of the representation, not isolated acts or omissions of trial counsel. *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).

### 2. Failure to Request Jury Instructions on Renunciation and Abandonment

Appellant contends that his trial counsel should have requested an instruction on renunciation and abandonment. Renunciation is an affirmative defense to a prosecution for an attempted offense. TEX. PENAL CODE ANN. § 15.04 (Vernon 1974). An essential part of renunciation is that it must be voluntary and it must either avoid commission or prevent commission of the offense. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim.App.1981). In the present case, appellant was not charged with an attempted offense. The offense appellant claims to have abandoned actually occurred. Therefore, appellant was not entitled to avail himself of the defense of renunciation.

Likewise, appellant could not successfully request an instruction on abandonment under the facts of this case. Abandonment contemplates situations in which self defense is an issue. *See McElroy v. State*, 455 S.W.2d 223, 226 (Tex.Crim.App. 1970). The issue of self defense was not raised during appellant's trial.

Even if the circumstances of the instant case lent themselves to such defenses, renunciation and abandonment require an affirmative showing of voluntary repentance or change of heart. *Thomas v. State*, 708 S.W.2d 861, 863 (Tex.Crim.App.1986); *McElroy*, 455 S.W.2d at 226. In this case, there was no evidence which would have supported instructions on either renunciation or abandonment. Appellant's attorney argued throughout trial that appellant did not commit the murder. However, the record reflects that, although he did not physically shoot the victim, appellant was an active participant in the crime up to the point of its completion. Further, appellant's theory of the case was before the jury. If the jury had believed that appellant did not commit murder, they could have acquitted him of that charge as there were separate issues submitted for burglary, robbery, and murder.

Accordingly, there is nothing to indicate that appellant would have been entitled to an instruction on abandonment or renunciation had one been requested. Neither has appel-

lant shown harm resulting in his trial counsel's failure to request such an instruction.

### 3. Failure to Object to Application Paragraph of Jury Charge

Appellant next contends that his trial counsel erred in failing to object to the jury charge because it did not directly apply the law of parties to the facts of the case. Appellant contends that because his trial counsel failed to object, he was convicted on a legally defective charge.

In *Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991), the court of criminal appeals held that a charge which fails to apply the theory of the law of parties to the facts of the case is insufficient to authorize a conviction on that theory, even where it is abstractly defined in the charge. *Id.* at 670. In the present case, the theory of the law of parties was provided in the jury charge. However, the portion of the theory dealing with aiding and abetting was not directly applied to the facts of the case in the application paragraph.

Nevertheless, the application paragraph does apply the law of parties to the facts of the case in other respects. The application paragraph reads, in part: "you must find from the evidence beyond a reasonable doubt that [appellant] ... either alone or together with another as a party, shot [the complainant] with the intention of thereby killing him."

This is not a case, as in *Jones*, where the charge was completely devoid of any application of the law to the facts of the case. In such a case, the charge will not authorize conviction on the law of parties. *See Jones*, 815 S.W.2d at 671. In the present case, the application paragraph plainly authorized the jury to find delinquent conduct if appellant acted as a party. This was sufficient to refer the jury to the theory of the law of parties appearing elsewhere in the jury charge. *See Clark v. State*, 929 S.W.2d 5, 10 (Tex.Crim. App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1246, —— L.Ed.2d —— (1997). Therefore, it was sufficient to authorize conviction on the law of parties. Accordingly, appellant's trial counsel did not err in failing to object to the jury charge.

### 4. Failure to Move for Mistrial Based on Jury Misconduct

Appellant further asserts that his trial counsel should have moved for a mistrial when the jury sent out notes indicating that it was considering the range of punishment during the guilt/innocence phase of the trial. As previously discussed, the fact that the jury requested information regarding punishment is not evidence of jury misconduct. Further, the trial court adequately instructed the jury to consider only the evidence and law before them. Absent proof to the contrary, we must presume that the jurors followed the trial court's instruction. *Rose*, 752 S.W.2d at 554. Accordingly, appellant has failed to demonstrate that he was harmed by his attorney's failure to request a mistrial.

### 5. Cumulative Error

Finally, appellant contends that the totality of his trial counsel's representation was ineffective. In support of his position, appellant makes general allegations that several of his counsel's objections regarding nonresponsiveness and hearsay were untimely and that he completely failed to object to several objectionable questions. Appellant has wholly failed to indicate how his attorney's failure to properly object resulted in an unfair and unreliable proceeding. His allegations are unspecific and speculative. We decline to join appellant in speculating as to what may have happened had appellant's trial counsel properly objected at every turn in the trial. *See Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981). The right to counsel does not mean error free counsel. *Id.*; *Ex Parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). Absent a clear showing of proof that appellant was unfairly prejudiced by his attorney's actions, an ineffective assistance of counsel claim cannot stand. *Strickland*, 466 U.S. at 689–94, 104 S.Ct. at 2065–68.

Appellant further complains that his trial counsel failed to call appellant himself to testify and that he permitted the testimony of Jose Galvan, appellant's co-defendant, to be presented via a deposition. Appellant contends that he would have been credible testifying on his own behalf and that the testimony of Galvan, a co-defendant,

would have been more effective if it had been presented live. Absent a clear showing that a defendant would have benefitted from the testimony, the decision not to call witnesses is not ineffective assistance. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983). All of appellant's assertions regarding the benefits of this testimony constitute mere speculation and second-guessing of his trial counsel's strategy. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Burns,* 601 S.W.2d at 372. And, absent proof to the contrary, we presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

We cannot say that the complained of errors on the part of appellant's trial counsel "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *See id.* at 686, 104 S.Ct. at 2063. Accordingly, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.