TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00430-CR







Antonio Vasquez, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0973921, HONORABLE FRED A. MOORE, JUDGE PRESIDING








 Appellant Antonio Vasquez appeals from his conviction for the offenses of
aggravated robbery and possession of a firearm by a felon. See Tex. Penal Code Ann. §§ 29.03,
46.04 (West 1994).

 The jury assessed appellant's punishment for aggravated robbery at imprisonment
for sixty-one years and for the possession of a firearm by a felon at imprisonment for ten years
and a fine of $10,000. Appellant asserts that the trial court erred in refusing to instruct the jury
on an affirmative defense and that he was denied effective assistance of counsel. We will overrule
appellant's points of error and affirm the judgment.

 In his first point of error, appellant insists that the trial court erred in refusing to
instruct the jury on the defense of renunciation. When a defendant is prosecuted for the
preparatory offenses of criminal attempt, criminal conspiracy, or criminal solicitation, the penal
code provides for an affirmative defense of renunciation. See Tex. Penal Code Ann. § 15.04
(West 1994); Thomas v. State, 708 S.W.2d 861 (Tex. Crim. App. 1986); Lindsey v. State, 764
S.W.2d 376 (Tex. App.--Texarkana 1983, no pet.); Chennault v. State, 667 S.W.2d 299 (Tex.
App.--Dallas 1984, pet. ref'd).

 In this case, appellant was charged with and convicted of the offense of aggravated
robbery, a completed offense. Therefore, the affirmative defense of renunciation was not
applicable. See In re J.F. Jr., 948 S.W.2d 807, 811 (Tex. App.--San Antonio 1997, no writ). 
Because appellant was not entitled to the affirmative defense of renunciation, the trial court did
not err in refusing to give the requested charge. Appellant's first point of error is overruled.

 In his second point of error, appellant urges that he was denied effective assistance
of counsel because his trial counsel failed to move for a severance in order to get separate trials
for the two counts alleged. To show ineffective assistance of counsel, appellant must show that: 
(1) counsel's performance was deficient, in that counsel made such serious errors that he was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874
S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd).

 "In most instances, the record on direct appeal is inadequate to develop an
ineffective assistance claim." Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997);
Ex parte Duffy, 607 S.W.2d 507, 512-13 (Tex. Crim. App. 1980); Vasquez v. State, 830 S.W.2d
948, 951 (Tex. Crim. App. 1992) (Benavides, J. dissenting); see also Oldham v. State, 977
S.W.2d 354, 363 (Tex. Crim. App. 1998); Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
App. 1998). "Hence, in most ineffective assistance claims, a writ of habeas corpus is essential
to gathering the facts to adequately evaluate such claims." Ex parte Torres, 943 S.W.2d at 475.

 Appellant argues that trial counsel's failure to ask for a severance and separate
trials on each count of the indictment resulted in placing before the jury, at the guilt-innocence
phase of trial, evidence of appellant's prior robbery conviction. Appellant declares this was
unsound trial strategy and demonstrated trial counsel's deficient performance. Appellant
acknowledges that separate trials would allow the cumulation of the punishment assessed. 
However, appellant says "the possibility of consecutive sentences was greatly outweighed by the
benefits of severance."

 Appellant calls our attention to two cases in which appellate courts reversed
convictions for ineffective assistance of counsel without having the benefit of evidence produced
on a motion for new trial. These cases are Vasquez, 830 S.W.2d 948, and Durst v. State, 900
S.W.2d 134 (Tex. App.--Beaumont 1995, pet. ref'd). In Vasquez, the evidence raised the issue
of necessity, but trial counsel failed to request a jury charge on that issue. The Court of Criminal
Appeals held that trial counsel's failure to request the charge on necessity showed counsel's
representation was so deficient and ineffective as to require reversal of the judgment. In Durst,
defendant's trial counsel elicited testimony from the defendant about her unadjudicated extraneous
offenses at the punishment phase of trial when such evidence would not otherwise have been
admissible. We find that these cases which are concerned with matters other than severance are
of little assistance in deciding the issue before us, especially in view of the record in this case
where a motion for new trial was filed and heard.

 Trial counsel was called to testify at the hearing of the motion. Counsel testified
he had represented defendants in more than 100 trials over a period of twenty-five years. Counsel
was asked and testified about his theories of defense and the strategy he used in defending
appellant. In his motion for new trial, appellant did not allege that trial counsel's failure to ask
for a severance was even a part of his alleged deficient representation. At the hearing, trial
counsel was not questioned about why he did not file a motion for severance, and no other
evidence was developed regarding the reasons why a severance was not requested. Appellant did
not take the opportunity to produce evidence and attempt to demonstrate that counsel's failure to
ask for a severance was unsound trial strategy amounting to deficient performance by trial
counsel. Considering the record before us, "appellant has failed to overcome the presumption that
trial counsel was acting effectively at all times." Oldham, 977 S.W.2d at 363; Gravis v. State.,
982 S.W.2d 933, 937 (Tex. App. Austin 1998, pet. ref'd). Appellant's second point of error is
overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: October 7, 1999

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



ackson v. State, 973 S.W.2d 954, 957 (Tex. Crim.
Ap