Affirmed and Majority and Concurring Opinions filed May 19, 2005









Affirmed and Majority and Concurring Opinions filed
May 19, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00140-CR

____________

 

DONALD WADE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 954,071

 



 

  M
A J O R I T Y   O P I N I O N








A jury convicted appellant of the first
degree felony offense of possession of a controlled substance weighing more
than four grams and less than two hundred grams.  The jury found two enhancement paragraphs to
be true and assessed punishment at confinement for 45 years in the Texas
Department of Criminal Justice, Institutional Division.  Appellant asserts the following four points
of error on appeal:  (1) the trial court
erred in overruling his motion to suppress because Suzette Sauseda did not have
authority to consent to the officers= entry into
appellant=s hotel room; (2) the trial court erred in
refusing to answer the jury=s question asking
whether it should continue deliberating on appellant=s detention if it
did not find the State proved consent; (3) the trial court erred in not
instructing the jury in the jury charge that it did not have to deliberate on
the legality of appellant=s detention if it found there was no
consent to enter the hotel room; and (4) the trial court erred in overruling
appellant=s motion for new trial asserting
ineffective assistance of counsel based on trial counsel=s failure to call
a witness.  We affirm.

FACTUAL BACKGROUND

Appellant does not challenge the legal or
factual sufficiency of the evidence to support his conviction.  A brief recitation of the facts, however,
will place the points of error in proper perspective.

On July 2, 2003, while on duty, Officer
James Savell stopped a car for traffic violations.  The male driver of the car was arrested for
possession of cocaine.  The female
passenger in the car told Officer Savell they had purchased the cocaine from a
man at the Southwind Motel, and she told him she could take him to where the
cocaine could be found.  When they
arrived at the motel, the female pointed Officer Savell to room 108 and told
him a black man, nicknamed AReverend,@ was selling
cocaine out of that room.  Officer Savell
knocked on the door to room 108, and Suzette Sauseda answered the door.  








The testimony is contested as to whether
Sauseda consented to the officers= entry into the
motel room.  According to Officer Savell,
Sauseda told him the Reverend=s name is Donald
Wade, the appellant, and that he was not there. 
Officer Savell asked Sauseda if he and the other officers could come in
and take a look around, and Sauseda invited the officers in to take a look
around the room.  While Officer Savell
was looking around the room for appellant, he saw contraband in the room, all
over the place.[1]  Sauseda told Officer Savell appellant had
borrowed her van but did not tell her where he was going.  Officer Savell then went outside and waited
for appellant to return.  Sauseda
testified she did not invite the officers into the room to search.  According to Sauseda, the officers tricked
her into opening the door after waking her up and rushed in with guns drawn. 

Appellant drove into the parking lot of
the motel in Sauseda=s van about twenty minutes later.  Sauseda told the officers, AThat=s my van.  That=s him.@  All of the officers were in uniform.  Officer Savell approached the van along with
the other officers.  When appellant
became aware of the officers= presence, Officer
Savell saw appellant immediately reach down towards his right side in the van,
towards the floorboard, look behind the seat, and then stare at them.  Based on appellant=s conduct, Officer
Savell thought appellant may have been hiding or retrieving a weapon; Officer
Savell testified that weapons are commonly found with narcotics.  Another officer went around to the driver=s side of the van
and made contact with appellant.  Officer
Savell continued to make a sweep of the van to make sure there were no other
weapons or occupants in the vehicle, and no weapons or contraband were found
inside the van.

Once appellant got out of the van, an
officer patted appellant down to make sure he did not have any weapons.  During the pat-down, the officer discovered
two medicine bottles in appellant=s pocket.  The bottles contained several pieces of crack
cocaine weighing approximately five grams. 

DISCUSSION

I.        Sauseda=s Consent








Appellant argues the cocaine discovered
during the warrantless search of his motel room was illegally obtained and
should have been suppressed because Suzette Sauseda did not have authority to
consent to the officers= search of appellant=s motel room.  The State 
counters Sauseda=s consent was valid, and the evidence
obtained as a result of the search was admissible.  Additionally, the State asserts that even
without consideration of the evidence recovered from the motel room, the
officers were justified in temporarily detaining appellant because they had a
reasonable suspicion appellant had been engaged in illegal conduct, based on
events independent of the search.  

The record shows appellant has failed to
preserve this argument for appellate review. Appellant=s motion to
suppress is a generic form motion in which appellant sought to suppress and
exclude from evidence A[a]ny items seized as a result of [his]
arrest; and any other item or information obtained as the result of the arrest
and/or search of [appellant] by agents of the State of Texas, upon the grounds
that his arrest was without probable cause and that the search and seizure was
unreasonable and therefore, in violation of [the United States and Texas
Constitutions].@ 
Appellant further alleged in the motion there was no probable cause to
arrest or detain him, arguing,

The search was not
conducted with the consent or permission of [appellant].  [Appellant] shows that this arrest and search
was administered without a warrant. 
[Appellant] was not competent to understand his legal rights and could
not have voluntarily consented to any search or questioning by any police
officer or his agent.  

Appellant did not argue in his motion to suppress that
Sauseda lacked authority to consent to the search of his motel room.  Additionally, appellant made no argument
before the trial court regarding Sauseda=s consent to the
officers= search of the
motel room.

The hearing on the motion to suppress
consists solely of witness testimony and no argument.  The hearing took place over the course of two
days.  On January 7, 2004, the State
introduced its evidence on the motion to suppress and rested.  The trial court continued the hearing until
February 3, 2004, to ensure the presence of defense witnesses, and, on February
3, the defense presented the testimony of five witnesses, including
appellant.  The trial court carried the
motion to suppress with the trial of the case. 
After the first day of trial, the trial court orally denied the motion
to suppress.








Texas Rule of Appellate Procedure 33.1
provides that, in general, as a prerequisite to presenting a complaint for
appellate review, the record must show a timely, specific objection and a
ruling by the trial court.  Tex. R. App. P. 33.1(a); Neal v.
State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (holding prosecutorial
vindictiveness claim not preserved for appellate review because appellant never
presented claim to trial court).  A>Except for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only . . . all other complaints, whether constitutional, statutory, or
otherwise, are forfeited by failure to comply with Rule 33.1(a).=@  Id. (quoting Mendez v. State,
138 S.W.3d 334, 342 (Tex. Crim. App. 2004)). 
A[I]t violates >ordinary notions
of procedural default= for a Court of Appeals to reverse a
trial court=s decision on a legal theory not presented
to the trial court by the complaining party.@  Hailey v. State, 87 S.W.3d 118, 122
(Tex. Crim. App. 2002) (quoting State v. Mercado, 972 S.W.2d 75, 77B78 (Tex. Crim.
App. 1998)).  This rule is based on the
notions that a trial court=s decision will
not be reversed on a theory the trial court did not have an opportunity to rule
upon and upon which the non-appealing party did not have an opportunity to
develop a complete factual record.  Id.

On appeal, appellant=s first point of
error is the following: AThe trial court erred in overruling the
motion to suppress when [Sauseda] did not have authority to consent to the
officers= entry into
[appellant=s] hotel room.@  Appellant=s complaint on
appeal concerning the motion to suppress does not comport with his objections
raised in the trial court.  Appellant did
not challenge Sauseda=s authority to consent to the search of
the motel room in the trial court.  Thus,
there is nothing for us to review, and this argument, presented for the first
time on appeal, is waived. 

We overrule appellant=s first point of
error.

II.       Jury
Instructions








Appellant=s second and third
points of error focus on the trial court=s instructions to
the jury.  Point of error number two
argues the trial court erred in refusing to answer the jury=s question
asking whether it was to continue deliberating on the detention if it did not
find the State proved consent.  Point of
error number three argues the trial court erred in not instructing the
jury in the jury charge that it did not have to deliberate on the legality of
the detention unless it found there was consent to enter the motel room.

Article 38.23 of the Texas Code of
Criminal Procedure provides the following: 

(a)     No
evidence obtained by an officer or other person in violation of any provisions of
the Constitution or laws of the State of Texas, or of the Constitution or laws
of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case. 


In any case where the legal evidence raises an issue hereunder,
the jury shall be instructed that if it believes, or has a reasonable doubt,
that the evidence was obtained in violation of the provisions of this Article,
then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005).  Here, the jury charge
included article 38.23 instructions concerning (1) whether Officer Savell
obtained consent to enter the motel room from a person with actual or apparent
authority to do so, Suzette Sauseda, and (2) whether Officer Savell possessed
specific, articulable facts, which, along with any rational inferences from
those facts, lead him to conclude that appellant was, had been, or would soon
be engaged in criminal activity, justifying his detention of appellant.  

In his third point of error, appellant
argues the trial court erred in not giving the jury sufficient instruction to
apply the law to its factual conclusions regarding the legality of the search
of the motel room.  He further contends
the charge is misleading because the charge should have explained to the jury
that it was to consider the legality of appellant=s detention only
if it found consent.  Appellant did
not object to the article 38.23 instructions in the charge.  








The State asserts appellant=s complaints are
barred by the invited error doctrine. 
Additionally, the State contends the entry into and results of the
search of the motel room are not facts essential to a determination of whether
the police had specific and articulable facts justifying a temporary
detention.  The State argues the
essential facts supporting appellant=s temporary
detention were undisputed:  (1) the
officers conducted a traffic stop earlier in the evening and received reliable,
specific information from a passenger in the stopped vehicle concerning
appellant selling cocaine from a certain location; (2) the informant
accompanied the officers to the motel and pointed out the motel room where she
had previously purchased cocaine from a black male who went by the name of
Reverend; and (3) the officers corroborated aspects of the informant=s information,
specifically that a black male whom others referred to as Reverend resided in
the motel room identified by the informant and that the Reverend sold
cocaine.  The State further argues
appellant=s furtive gestures inside the van, along
with the officer=s past experiences linking guns to drugs,
provided the officers with specific and articulable facts that reasonably led
them to conclude appellant might possess a weapon, thus entitling them to
conduct a pat-down search for their safety, during which the officers
discovered two pill bottles containing cocaine. 
Based on these facts, the State argues the investigating officers had
reasonable suspicion, based upon events independent of the motel room
search, that appellant had been engaged in criminal activity, sufficient to
justify appellant=s temporary detention.  We agree with the State=s arguments.

First, appellant has failed to present us
with a record reflecting which party requested the instruction at issue.  Article 38.23 provides that a jury is to be
instructed to resolve factual disputes over whether evidence was illegally
obtained and, therefore, inadmissible.  Tex. Code Crim. Proc. Ann. art.
38.23(a); Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App.
1986).  Because it is possible appellant
requested the instruction, no error is presented.  See Ortiz v. State, 144 S.W.3d 225,
230 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  When a defendant requests a charge, and the
court submits it, he cannot complain of that charge on appeal.  Even if the charge is later found to be
erroneous, the accused cannot first invite error and then complain about it on
appeal.  Id.  Thus, on this basis alone, the record does
not affirmatively demonstrate error requiring reversal.  








Additionally, the record supports the
trial court=s submission of two article 38.23
instructions to the jury; one concerning the issue of whether the officers
obtained consent to enter the motel room, and the other concerning whether
appellant=s detention was legal.  Appellant=s asserted
construction of the charge ignores the entirety of the court=s instruction and
the evidence introduced at trial.  The
evidence showed the legality of appellant=s detention did
not hinge upon whether Officer Savell first obtained valid consent to search the
motel room; the legality of appellant=s detention was a
separate issue for the jury to determine apart from consent.  Therefore, it was unnecessary for the trial
court to give additional instructions to the jury instructing the jury that it
did not have to deliberate on the legality of the detention unless it found
there was consent to enter the hotel room. 
Accordingly, we overrule appellant=s third point of
error.

Appellant=s second point is
related to his third point.  Appellant=s second point of
error stems from the trial court=s responses to two
jury notes submitted by the jury foreman to the court during the jury=s deliberation on
guilt or innocence.  Both jury notes
asked the trial court whether the jury should continue deliberating on the
legality of appellant=s detention if the jury did not find the
State proved consent.  The trial court
responded to both notes by referring the jury to the court=s charge and
instructing the jury to continue its deliberations.  Appellant did not object to the court=s responses to the
jury=s notes.

Article 36.27 requires the court to answer
communications of the jury and give additional instructions upon questions of
law when the request is proper.  Tex. Code Crim. Proc. Ann. art. 36.27
(Vernon 1981); Gamblin v. State, 476 S.W.2d 18, 20 (Tex. Crim. App.
1972).  If the request is not proper, the
court should inform the jury that their request is not proper by referring to
the court=s charge. 
Id.  It is assumed that a
jury will follow the instructions given, and a judgment will not be reversed
without evidence the jury was actually confused by the charge.  Williams v. State, 937 S.W.2d 479, 490
(Tex. Crim. App. 1996).








As discussed above in our disposition of
point three, the trial court did not err by not instructing the jury it did not
have to deliberate on the detention if it failed to find the State proved
consent.  Because no such instruction was
requested or required, the trial court did not err in referring the jury to the
court=s charge.  See Gilderbloom v. State, 160 Tex.
Crim. App. 471, 475, 272 S.W.2d 106, 109 (1954).  Accordingly, we overrule appellant=s second point of
error.

III.      Ineffective
Assistance of Counsel 

In his fourth point of error, appellant
asserts he was denied effective assistance of counsel because his attorney
failed to call a material witness, Saconda Anderson, who witnessed the police
officer=s entry into
appellant=s hotel room.  In his motion for new trial, appellant
alleged counsel was ineffective for failing to call six witnesses, including
Anderson, during the guilt/innocence phase of trial.  The trial court conducted a hearing by
affidavits on appellant=s motion for new trial.  Appellant=s and Anderson=s affidavits were
admitted into evidence during the hearing.

The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984). 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)
(citing Strickland).  Under Strickland,
appellant must prove (1) his trial counsel=s representation
was deficient, and (2) his trial counsel=s deficient
performance was so serious that it prejudiced his defense.  466 U.S. at 687; Bone, 77 S.W.3d at
833.  To establish both prongs, appellant
must prove by a preponderance of the evidence that counsel=s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Id. 
Appellant must identify specific acts or omissions of counsel that
constitute the alleged ineffective assistance and affirmatively prove that they
fell below the professional norm for reasonableness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996), overruled on other grounds, Mosley v.
State, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).  The alleged ineffectiveness must be firmly
founded in the record.  Bone, 77
S.W.3d at 835.  If appellant fails to
satisfy either prong of the test, we do not need to consider the remaining
prong.  Strickland, 466 U.S. at
697. 








Judicial scrutiny of counsel=s performance must
be highly deferential, and we indulge a strong presumption that counsel was
effective.  Id. at 689; Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We presume counsel=s actions were reasonably
professional and motivated by sound trial strategy.  Strickland, 466 U.S. at 689 (AA fair assessment
of attorney performance requires every effort be made to eliminate the
distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged
conduct, and to evaluate the conduct from counsel=s perspective at
the time.@). 
Appellant must overcome this presumption by illustrating why trial
counsel did what he did.  Belcher v.
State, 93 S.W.3d 593, 595 (Tex. App.CHouston [14th
Dist.] 2002, pet. dism=d). When evaluating an allegation of
ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

A reviewing court should not second guess
trial counsel=s strategy in hindsight; thus, an
affidavit supporting a motion for new trial can be critical to the success of a
claim for ineffective assistance.   Storr v. State, 126 S.W.3d 647, 651 (Tex.
App.CHouston [14th
Dist.] 2004, pet. ref=d). 
In the absence of a record explaining trial counsel=s actions, a
reviewing court most likely cannot conclude trial counsel=s performance fell
below an objective standard of reasonableness unless the conduct was so
outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).








A claim of ineffective assistance of
counsel based on counsel=s failure to call witnesses fails in the
absence of a showing that such witnesses were available to testify and
that the defendant would have benefitted from their testimony.  Wilkerson v. State, 726 S.W.2d 542,
551 (Tex. Crim. App. 1986); King v. State, 649 S.W.2d 42, 44 (Tex. Crim.
App. 1983).  Without evidence to the
contrary, we must presume appellant=s counsel made the
decision not to call these potential witnesses in the exercise of her
reasonable professional judgment. See In re J.F., Jr., 948 S.W.2d 807,
812B13 (Tex. App.CSan Antonio 1997,
no pet.).

At the motion for new trial hearing,
appellant submitted an affidavit in which he testifies that he

asked [his] lawyer
to talk to several witnesses who would have proved that the police conducted an
illegal search of the hotel room, [his] vehicle and [himself], and that [he]
was innocent of the crime.  [He] gave
[counsel] the name and number or address when [he] had the information.  These witnesses would have shown the state=s witnesses= testimony were
[sic] incorrect and that [he] was not guilty as the police testified. 

Appellant further states he provided counsel with
Anderson=s name as a
witness.  However, appellant does not
state in the affidavit when he provided counsel with this information or
whether Anderson was available to testify at trial.  

Anderson states in her affidavit she was
present at the Southwind Motel the night of appellant=s arrest.  She saw the police arrive and go to a room
near where she was staying, and she witnessed five police officers at the
door.  One officer knocked but did not
identify himself as a policeman, and the police were hidden from the room=s window.  Anderson further states in her affidavit, 

I started watching and saw that the minute the door barely
opened, they rushed into the room.  It
was not even a second after the door cracked open.  . . . . 
I could not see what happened after they entered.  . . . . 
The next thing I observed was [appellant] arrive in a light colored van
and I saw about six or seven police off[icers] immediately rush the vehicle
with their guns drawn.  One black officer
opened the driver=s side door and he had a gun in one hand,
and with the other, he pulled out the defendant from the van.  Once he had him out, he slammed him against
the van and the other officers joined him and they hit him and kicked him on
the ground and finally pulled him up, and he was barely standing and they placed
him in a chair.  . . . .  About five minutes later, the ambulance
eventually arrived and took [appellant].

Anderson does not state in her affidavit that she
would have been available to testify at trial.








Besides the affidavits, the only other
reference in the record to potential witnesses for the defense is a statement
made by appellant=s counsel, after the State rested its
case, informing the trial court that at 4:55 p.m. that afternoon appellant had
given him the names of four or five witnesses to subpoena by the next day in
addition to some unnamed paramedics. 
Counsel told the court he would attempt to contact some of these
individuals that afternoon.  The trial
court told appellant=s counsel anything filed this late would
be untimely and any witnesses who want to testify should be there by 10:15 a.m.
the following morning.

Based on the foregoing, there is no
indication in the record appellant provided counsel with Anderson=s name prior to
the afternoon preceding the last day of trial. 
Additionally, Anderson does not state in her affidavit that she was
available to testify on behalf of appellant at trial.  It is apparent from the record that appellant=s counsel
conducted a pre-trial investigation of the facts as she called other fact
witnesses to testify on appellant=s behalf at the
motion to suppress hearing and at trial. 
The record contains no evidence of the reasoning behind appellant=s trial counsel=s actions in not
calling Anderson as a witness.  Appellant
did not submit an affidavit from trial counsel on this issue, and appellant
does not allege trial counsel refused to provide an affidavit.  Under these circumstances, we cannot conclude
counsel=s performance was
deficient.  See Jackson, 877
S.W.2d at 771B72; see also Thompson, 9 S.W.3d at
814 (holding when record provides no explanation as to the motivation behind
trial counsel=s actions, an appellate court should be
hesitant to declare ineffective assistance of counsel).  When confronted with a silent record, an
appellate court is not required to speculate on the reasons behind trial
counsel=s actions.  Jackson, 877 S.W.2d at 771.  Here, the record is silent as to whether
Anderson was available to testify at trial and counsel=s strategy in not
calling Anderson as a witness. 
Therefore, counsel=s alleged ineffectiveness is not firmly
established in the record.








Considering the totality of the
representation, we find appellant=s counsel=s representation
was not deficient and did not fall below an objective standard of
reasonableness.  Additionally, appellant
failed to meet his burden to prove that any deficient performance prejudiced
his defense.[2]   Accordingly, we overrule appellant=s fourth point of
error.

We affirm the judgment of the trial court.        

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed May 19, 2005.

 

Panel
consists of Justices Yates, Anderson, and Hudson.  (Yates, J., concurring.)

 

Publish
C Tex. R. App. P. 47.2(b).











[1]  The cocaine
recovered from the motel room weighed approximately two grams. 





[2]  Appellant
argues Anderson=s testimony would have Atipped
the scales@ in appellant=s favor
due to the jury=s close examination of the suppression issue.  Having determined appellant=s detention did not hinge on whether or not Officer
Savell had consent to search the motel room, Anderson=s testimony concerning the manner in which the
officers entered the hotel room is not dispositive of the admissibility of the
cocaine appellant was charged with possessing.