Calvin McCRAY and Joseph Eross Fields, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17853.

United States Court of Appeals Fifth Circuit.

April 14, 1960.

Albert J. Datz, Jacksonville, Fla., for appellants.

John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Southern Dist. of Florida, Miami, for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Jointly charged in a four count indictment[1] with offenses against the Internal Revenue Laws, 26 U.S.C., Secs. 5174, 5606, 5216, and 5008, defendants entered a plea of not guilty, and their counsel stated to the jury:

"We believe that the evidence will show that these defendants were at a still site operation, that they had participated in the operation of a still, but that they had withdrawn from such an illegal transaction, and that, therefore, they should not be found guilty."

At the conclusion of the government's evidence, which, if believed, established the guilt of the defendants as charged, both defendants took the stand in their own behalf, and neither denied any of the government's testimony. They testified in substance: that they and two other Negroes had been brought to the rural area still site by a white man; that the four of them were directed by the white man to operate the illegal distillery for the stated emolument of $1 per jug of whiskey produced; that the distillery operation was already set up for production, and they thereupon built a fire to start the process, while the white man departed; that after building the fire the four were sitting on the ground waiting for the fire to become hot enough to start the operation when appellant McCray decided that he did not want to participate any further in the illegal transaction; that appellant Fields then joined McCray's dissent, and the two remaining Negroes operated the still while appellants sat on the ground waiting for their employer's return so that he could furnish them transportation back to town.

At the conclusion of the government's case and again at the conclusion of all the testimony, appellants moved for, and were denied, a judgment of acquittal. The cause submitted to the jury, there was a verdict of guilty and a judgment and sentence on all counts as to each defendant, as follows: 18 months as to

1. Count One charged that both appellants had in their possession a distilling apparatus set up which had not been registered as required by law; Count Two charged that both appellants carried on the business of a distiller without having given bond as required by law; Count Three charged that both appellants made and fermented mash fit for distillation of alcohol spirits on premises other than a distillery duly authorized according to law; and Count Four charged that both appellants possessed 35 gallons of distilled alcoholic spirits, and there were not affixed to the immediate containers thereof, stamps evidencing the tax imposed on said spirits.

defendant McCray and 9 months as to defendant Fields.

Here on two specifications of error, that the court erred: (1) in denying their motions for judgment of acquittal, and (2) in refusing appellants' requested Instruction No. 7,[2] with regard to withdrawal from an illegal transaction, appellants insist: (1) that the judgment should be reversed with directions to acquit them; and (2) in the alternative, that it should be reversed and the cause remanded for a new trial in which the requested instruction should be given.

We do not think so. It is sufficient to say of the first contention: that if the claim of renunciation or abandonment could, if established, have constituted a defense to the substantive offense charged, the evidence certainly presented an issue of fact for the jury's determination as to whether it was established; and of the second, that since substantive crimes were charged and, under the admitted facts, were consummated before the claimed abandonment or renunciation, there was no basis in law or in fact for the defense,[3] and no error in the refusal of the requested charge.

Even in the field of attempt to commit crime where a defense of this nature, under facts giving rise to it, is recognized,[4] it is settled law that "where the crime is consummated, there is no field for the application of the doctrine."

When, as here, the offenses charged are substantive offenses and the defendants admit that they committed them, there is no room or place for purging guilt by abandonment of the criminal act and renunciation of the criminal intent. There is only place and time for a full confession of guilt and a plea for mitigation and mercy, based upon a sincere repentance and the promise of fruits worthy of such repentance.

The trial and conviction were not attended with error. The judgment is affirmed.

---

2. "Members of the Jury, if you believe beyond a reasonable doubt that the defendants, or either of them, engaged in an unlawful enterprise, as charged in the indictment in the case, but before the completion of such unlawful enterprise, said defendants, or either of them, voluntarily and in good faith withdrew from such unlawful enterprise, then it is your duty to acquit such defendant, or defendants, that you believe made such withdrawal."

3. 15 Am.Jur., page 22, "Criminal Law", Sec. 333, "Abandonment of Criminal Design."

4. 22 C.J.S. Criminal Law § 74, Attempts et seq; 14 Am.Jur., page 813, "Criminal Law", Sec. 65 et seq.; 15 Am.Jur., page 22, "Crimnal Law," Sec. 333, note 3 supra; 1 Wharton's Criminal Law and Procedure, Sec. 76; Cf. People v. Von Hecht, 133 Cal.App.2d 25, 283 P.2d 764.