Scott Martel **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 1166–83, 1167–83.

Court of Criminal Appeals of Texas, En Banc.

May 7, 1986.

Robert Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty., and Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

In 1981 appellant pleaded guilty before a jury to burglary of a habitation in Cause No. F–81–11091–MP. The jury assessed punishment at 8 years and a $5,000 fine, probated. In November, 1982, in Cause No. F–82–79655–P, the court convicted appellant of attempted burglary of a habitation after a trial before the court upon his plea of not guilty. The court sentenced appellant to 10 years' confinement. At the same time the court revoked appellant's probation in the aforementioned burglary case. In an unpublished opinion, the Dallas Court of Appeals affirmed the revocation of probation and the conviction for

attempted burglary, finding that appellant's contention that he had proved the defense of renunciation was "irrelevant because the crime of attempted burglary of a habitation had already been committed when he allegedly renounced his intent." *Thomas v. State,* No. 05–82–01317–CR and No. 05–82–01318–CR (Tex.App.—Dallas, delivered December 2, 1983). We granted appellant's petition for discretionary review in which he contends that the Court of Appeals' interpretation of renunciation is incorrect and that the evidence shows he renounced his criminal objective and should have been acquitted.

Edna Trosclair testified that at about 6:30 p.m., on July 5, 1982, she saw appellant and another man knocking on doors and looking in windows in her neighborhood. She saw them walk around the side of a neighbor's house into the back yard. The neighbor, Catherine Coates, was not at home. Trosclair called the police.

Officer Hayden Meredith arrived at the house and walked into Coates's back yard. He saw appellant and another man "walking towards the back fence of the residence looking over their shoulders, ..." Meredith ordered them to stop and arrested them. Appellant had a pair of cloth gloves stuffed into the front of his pants; a buck knife in his front pocket, and a plastic bag containing change in his back pocket. Appellant's companion also had gloves stuffed into the front of his pants. Meredith noticed that the molding from one of the windows near the place appellant had walked from had been removed and was lying on the ground beneath the window. Meredith saw fresh scratches in the dust around the window and smudges on the glass.

In his confession appellant stated:

After ringing the bell at 2714 Wallis St. and finding no one home, I decided to break in (sic) the house and get some money. I went to the side window and took off some weather stripping from around the window with my knife. Then I changed my mind and decided to leave.

That's when the police came and arrested us.

V.T.C.A.Penal Code, § 15.04 provides in pertinent part for a renunciation defense:

(a) It is an affirmative defense to prosecution under Section 15.01 of this code that under circumstances manifesting a voluntary and complete renunciation of his criminal objective the actor avoided commission of the offense attempted by abandoning his criminal conduct or, if abandonment was insufficient to avoid commission of the offense, by taking further affirmative action that prevented the commission.

In the instant case appellant was charged with and convicted of attempted burglary. See V.T.C.A.Penal Code, § 15.01. The evidence is sufficient to show attempted burglary. See *Flournoy v. State,* 668 S.W.2d 380 (Tex.Cr.App.1984) and *Solis v. State,* 589 S.W.2d 444 (Tex.Cr.App.1979). However, we agree with appellant that the Court of Appeals incorrectly interpreted § 15.04(a) by holding that "[A]ppellant's renunciation argument is irrelevant because the crime of attempted burglary of a habitation had already been committed when he allegedly renounced his intent." The Court of Appeals' interpretation renders § 15.04(a) meaningless because it equates "criminal objective" and "offense attempted" with the attempt itself, rather than with the completed "object" crime, i.e., burglary. Therefore, it would be impossible, under the Court of Appeals' interpretation, to renounce intent when an actor has completed an attempt by doing "an act amounting to more than mere preparation" but has not completed the object crime. The Court of Appeals' interpretation would permit a renunciation defense only *prior* to commission of an *attempt.* Conduct that has not yet reached the stage of an attempt is not even criminal and § 15.04(a) would thus be useless.

The Court of Appeals' interpretation would defeat the twofold purpose for permitting the defense of renunciation. First, the defense tends to negative dangerous-

ness; second, it provides actors with motive for desisting in criminal objective, thus, diminishing the risk that the substantive crime will be committed. See Model Penal Code, § 5.01.

> And, because of the importance of encouraging desistance in the final stages of the attempt, the defense is allowed even when the last proximate act has occurred but the criminal result can be avoided, as for example when the fuse has been lit but can still be stamped out. If, however, the actor has put in motion forces that he is powerless to stop, then the attempt has been completed and cannot be abandoned.

Model Penal Code, § 5.01, at p. 360 (1985).

■ Section 15.04(a) speaks of "avoiding commission of the *offense attempted* ..." (emphasis added). The defense is thus clearly directed at permitting a defense after an attempt to commit an offense has been committed, but before the object offense has been committed. We interpret "offense attempted" to refer to the object offense, i.e., burglary. Therefore, we interpret § 15.04(a) to mean that if a person avoids committing the *object offense* and circumstances show voluntary and complete renunciation of the *attempt to commit the object offense*, he has established the defense of renunciation.[1] In the instant case, the fact that appellant's conduct constituted a completed *attempt*, does not prevent invocation of the renunciation defense.

Appellant contends that the evidence reflects that he voluntarily and completely renounced his criminal objective (burglary of a habitation) and proved the affirmative defense of renunciation under § 15.04(a). The State disagrees, arguing that the evidence does not show, by a preponderance, that the renunciation was voluntary under § 15.04(c)(1).

■ We review evidence regarding an affirmative defense by looking at the evidence in the light most favorable to the

implicit finding by the trier of fact with respect to the affirmative defense and then by examining all of the evidence concerning the affirmative defense to see if any rational trier of fact could have found that the appellant failed to prove his defense by a preponderance of the evidence. *Van Guilder v. State*, 709 S.W.2d 178, No. 899–84 (Tex.Cr.App.—delivered November 6, 1985). In the instant case the evidence pertaining to voluntary and complete renunciation consists of appellant's statement in his confession that he changed his mind and decided to leave. Appellant's conduct of walking toward the back fence can support such change of mind as well as contradict it. The State argues that the evidence that Officer Meredith "... first observed them, ... walking toward the back fence of the residence looking over their shoulders ..." rebuts appellant's statement. The State points out that evidence showed that appellant entered the back yard by going through an open gate on the side of the yard. Yet, when Officer Meredith entered the back yard, appellant was walking toward the fence in the back, which was a redwood privacy fence which did not have a gate or opening through which a person could exit. Appellant was looking over his shoulder, indicating or permitting the inference that he heard someone coming and decided to leave a different way than he had entered and a different way from the way the police officer that he heard was coming. Because the evidence can be interpreted to show that appellant's abandonment of the attempt to commit burglary was due to the arrival of the police, it is not voluntary under § 15.04(c) which states:

> (c) Renunciation is not voluntary if it is motivated in whole or in part:
>
> (1) by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more difficult the accomplishment of the objective; ....

---

1. We note, as does the Model Penal Code, that some attempts may put in motion forces which cannot be stopped. In those cases there can be no abandonment.

See and cf. *Garcia v. State*, 630 S.W.2d 914 (Tex.App.—Amarillo 1982, no pet.) and *Hackbarth v. State*, 617 S.W.2d 944 (Tex. Cr.App.1981). Viewing the evidence that pertains to the affirmative defense in a light most favorable to the verdict, we hold that the abandonment was not voluntary under § 15.04(c)(1) but was due to "circumstances not present or apparent at the inception of the actor's course of conduct that increase[d] the probability of detection or apprehension," namely, the arrival of the police. A rational trier of fact could have disbelieved appellant's statement of a change of heart in light of his conduct of walking toward the solid back fence, a different way than he had entered, and looking over his shoulder as if he heard someone approaching. A rational trier of fact could have found that this evidence did not prove voluntary and complete renunciation by a preponderance.[2]

Because we find the evidence sufficient to support the conviction for attempted burglary, we likewise find it sufficient under the lesser standard necessary for revocation of probation, to support the revocation of appellant's probation in Cause No. F–81–11091–MP. The judgment of the Court of Appeals is affirmed.

ONION, P.J., and CLINTON and McCORMICK, JJ., concur in result.

TEAGUE, Judge, dissenting.

It is axiomatic in our law that "where the State puts in evidence the statements of the accused party which exculpates the accused, and does not directly or indirectly disprove them, the accused is entitled to an acquittal." *Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Cr.App.1979), quoting from *Banks v. State*, 56 Tex.Cr.R. 262, 265, 119 S.W. 847, 848 (Tex.Cr.App.1909). Also see *Wormley v. State*, 366 S.W.2d 565, 566 (Tex.Cr.App.1963).

In this instance, the State introduced into evidence the written confession of Scott Martel Thomas, hereinafter referred to as the appellant, which stated in part that after the appellant made preparations to commit the offense of burglary of a habitation, he "Then ... changed [his] mind and decided to leave. That's when the police came and arrested [him]." The State thus became bound by this exculpatory portion of the confession, and had the burden to disprove it.

The majority opinion holds: "Because the evidence *can be interpreted* to show that appellant's abandonment of the attempt to commit burglary was due to the arrival of the police, it is not voluntary under Section 15.04(c) ..." (My emphasis.)

The fallacy with the holding is that the evidence that the Court relies upon to show that the State disproved the exculpatory portion of the statement is as consistent with the appellant's defense of renunciation as it is with rebuttal evidence and, as such, it has no probative value whatsoever, because a rational person would be no more likely to infer that the appellant was returning or that he would return to the house than that he was leaving; therefore, the testimony the majority relies upon is consistent with the appellant's defense of renunciation, which, because the State did not disprove the defense, renders the evidence insufficient as a matter of law. See and cf. *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Cr.App.1985).

Furthermore, this is not a situation regarding believing or disbelieving testimony, because it was the State that introduced into evidence the appellant's exculpatory statement, and not the appellant. The State thus became bound by the statement. The majority thus errs grievously in holding that the State "disproved the exculpatory portion of the statement by disproving

---

**2.** This same evidence and analysis that the State disproved or rebutted appellant's evidence of renunciation applies even though, as appellant points out, the State was bound to disprove the exculpatory statement in the confession since they had introduced it. (See *Palafox v. State*,

608 S.W.2d 177 [Tex.Cr.App.1980] ). Where the facts are in equipoise, as in the confession, we view the evidence in a light most favorable to the verdict. In so doing, the evidence supports appellant's guilt and disproves the exculpatory statement.

the defense" because it was the State, and not the appellant, that presented the appellant's defense of renunciation.

Because the State failed to sustain its burden in this cause, the conviction and the order revoking the appellant's probation should be reversed. To the majority opinion's upholding the conviction and the order, I respectfully dissent.

CAMPBELL, J., joins this dissent.