NUMBERS 13-00-166-CR AND 13-00-167-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ANDREW WILLIAM GOSSETT
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 363rd District Court


of Dallas County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Andrew William Gossett, appellant, was convicted of aggravated
sexual assault and sentenced to fifty years confinement. Tex. Pen. Code
Ann. § 22.021 (Vernon Supp. 2001). At the time of the commission of
the offense, appellant was on probation for driving while intoxicated,
third offense. The State filed a motion to revoke appellant's probation
based on, inter alia, the aggravated sexual assault. The trial court
revoked appellant's probation and sentenced him to five years
confinement. By one issue, appellant challenges the factual sufficiency
of the evidence supporting his conviction for aggravated sexual assault
and the revocation of his probation. We affirm. 

 S.G., the complainant, testified she was waiting in her car for a
traffic light change when a man, whom she identified at trial as
appellant, entered her car with a gun. Appellant held the gun towards
her and told her that if she did not do what he said, he would kill her. 
Appellant had her drive to a secluded industrial area, and raped her
orally and vaginally. He then had her drop him off at an intersection. 

 S.G. drove to a hospital and reported the incident. A rape
examination was conducted and the results were tested. A half
centimeter of the interior of S.G.'s vulva was lacerated, which was
consistent with forced entry. Seminal fluid was found, but there was
an insufficient quantity of spermatozoa in the fluid to perform DNA
testing. A forensic DNA analyst testified that she could not make a
determination as to the identity of the assailant. 

 A forensic investigator with the police department testified she
dusted for fingerprints and managed to lift one, but it had insufficient
detail for comparison. A supervisor for the Southwest Institute of
Forensic Science testified that hair samples found in S.G.'s vehicle did
not match samples obtained from appellant. 

 Appellant gave a written statement to the police in which he
claimed to have spent the evening, apart from a trip to a store to
purchase cigarettes, at his girlfriend's apartment. S.G. identified
appellant as the assailant out of a photographic lineup. After the jury
found appellant guilty and the court assessed punishment, the trial
court held a probation revocation hearing. The court took judicial notice
of the trial testimony and revoked appellant's probation. This appeal
ensued. 

 In his sole issue, appellant maintains there is factually insufficient
evidence that he was the perpetrator of the aggravated sexual assault.

 We review all the evidence in a factual sufficiency challenge and
set aside the verdict only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126,
131 (Tex. Crim. App.1996). We apply this test to the facts without the
prism of "in the light most favorable to the verdict." Clewis, 922
S.W.2d at 135. The review must be appropriately deferential so as to
avoid substituting this Court's judgment for that of the jury. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

 A person commits sexual assault if the person intentionally or
knowingly causes penetration of the anus or female sexual organ of
another, without that person's consent, or causes the penetration of the
mouth of another by the sexual organ of the actor, without that
person's consent. Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2001). 
A person commits aggravated sexual assault if the person commits
sexual assault and by acts or words places the victim in fear of death
or serious bodily injury, or uses or exhibits a deadly weapon during the
assault. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2001). 

 Appellant urges that there is factually insufficient evidence
because S.G. gave conflicting descriptions of the assailant, the State did
not provide any physical evidence linking appellant to the assault, and
a videotape shows appellant at a convenience store near the time of the
offense in clothing different from what S.G. described. 

 The evidence shows Police Officer J.B. Price spoke with S.G. after
the assault and wrote a report. According to Officer Price, S.G. told him
the suspect was wearing a white T-shirt and a blazer type jacket.(1)

 During trial, S.G. remembered the assailant wearing blue jeans
and "a dark T-shirt, plaid or dark blue type shirt at the top." He was
unshaven, and his hair was kind of dirty and a little bit long. The
assailant seemed huge to S.G., probably because "she was physically
on [her] knees and physically beneath him." She remembered him
wearing a coat, which she described as "being like a nubby kind of
texture and a tweed brown type color and it had a lapel on it." It was
loose fitting, and was consistent with the shape of a sport coat. She
also described his clothing as follows:

 Q. You mentioned something about a blue plaid. 
Do you remember that?


 A. Yes. It was like ­ he had on like a T-shirt and
then another ­ the ­ like a ­ almost a flannel type
shirt. And then the jacket was on over that and
the two ­ the jacket and the kind of flannel type
shirt were open, both of them. And the T-shirt
was underneath. 
 

 On cross-examination, S.G. indicated the assailant was wearing
large, baggy blue jeans. She told Officer Price the assailant was
wearing "[b]lue jeans or dark pants, dark tennis shoes, black leather
tennis shoes, a dark T-shirt and tweed type jacket." He also had a State
of Texas map ring on his finger. She told officers that she thought the
assailant was around 6'2" or 6'3" in height and weighed around 230-240
pounds. S.G. testified that at trial appellant looked to be about 5'11" and
190-195 pounds. 

 Police Officer David Blair testified he was on duty and had heard
a report of a sexual assault on the night in question. He observed a
gentleman standing outside a pickup by an apartment complex
between two and three a.m. When the person looked at him, he gave
him "that deer-in-the-headlights look." The suspect had a tan or light
brown jacket over his left arm. He "had dark hair, a blue plaid long
sleeved shirt that was heavy and appeared to be an insulated plaid shirt
and dark pants I believe to be blue jeans." 

 Detective Marco Garza showed S.G. a photographic line-up, and
was surprised at how quickly S.G. picked out appellant as the assailant. 
He took a statement from S.G., who described her assailant as wearing
baggy blue jeans and a dark colored T-shirt. Garza testified that officers
searched appellant's apartment and found a black shirt, a blue T-shirt,
a black tennis shoe, black loafers, some more tennis shoes, and some
camouflage pants. Officers also recovered a flannel jacket, blue and
white in color, and a winter coat, brown in color, from appellant's
apartment. They did not find a ring, a gun, or a dark tweed sport coat,
and Detective Garza did not remember the officers finding a white T-shirt or any blue jeans.

 As appellant notes, there is some inconsistency among the various
witnesses as to what S.G. reported the assailant was wearing at the
time of the assault. However, much of what S.G. testified to was
corroborated by other witnesses. For example, Officer Blair testified he
witnessed appellant wearing a plaid shirt and blue jeans and carrying
a tan or brown jacket. Likewise, S.G. testified her assailant was
wearing a dark plaid shirt, blue jeans, and a tweed coat that was
brown. Officers found many items at appellant's apartment matching
the clothing described by S.G. 

 Appellant also claims S.G.'s physical description of her assailant
is inconsistent and not reflective of appellant's physical appearance. 
Although she told officers the assailant was around 6'2" or 6'3" in height
and weighed around 230-240 pounds, S.G. testified at trial that
appellant looked about 5'11" and 190-95 pounds. S.G. explained that
appellant seemed huge to her during the assault because she was
underneath or below him. S.G. identified appellant as her assailant by
his face; she described a scar on the assailant's face to Officer Price at
the hospital, and identified the scar on appellant at trial. Moreover, S.G.
identified appellant as her assailant in the photographic line-up so fast
that it surprised the officer. 

 The jury was presented with conflicting evidence regarding the
identity of appellant as the assailant, and we will not intrude upon the
jury's role as the sole judge of the weight and credibility of the
witnesses. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996). 

 Appellant further contends the evidence is factually insufficient
because there is no physical evidence linking him to the assault in spite
of the rape examination performed. S.G.'s genitalia was lacerated,
which was consistent with forced entry. S.G. identified appellant as her
assailant and described his physical appearance and his clothing. That
no hairs were found to match appellant and no DNA samples were
taken linking appellant to the assault, does not render the evidence
insufficient. See Murphy v. State, 4 S.W.3d 926, 930 (Tex. App.--Waco
1999, pet. ref'd) (lack of physical evidence of penetration in sexual
assault case did not render evidence factually insufficient when treating
physician testified that her examination could neither establish nor
preclude possibility that victim's sexual organ was penetrated; victim
communicated the area on her body that was touched; and there was
other medical testimony regarding structure of female genitalia). 

 Finally, appellant notes that a video tape was played before the
jury and Detective Garza testified it showed appellant at a convenience
store near the time of the offense wearing camouflage pants and a
white T-shirt. This attire would seem inconsistent with S.G.'s
description of the assailant's attire. However, the jury could have
reasonably concluded appellant changed clothes and proceeded to the
convenience store to establish an alibi. A decision is not manifestly
unjust merely because the defense presented a reasonable alternative
hypothesis. See Lee v. State, 21 S.W.3d 532, 542 (Tex. App.--Tyler
2000, no pet.); Richardson v. State, 973 S.W.2d 384, 387 (Tex.
App.--Dallas 1998, no pet.).

 After reviewing all the evidence, we are unable to conclude that
the jury's finding that appellant was the perpetrator of the aggravated
sexual assault is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Thus, there is factually
sufficient evidence to support the verdict.

 We next address appellant's appeal from the revocation of his
probation. Appellate courts review an order revoking probation under
the abuse of discretion standard. Cardona v. State, 665 S.W.2d 492,
493-94 (Tex. Crim. App. 1984). Because the evidence is sufficient to
support appellant's conviction for aggravated sexual assault, it is also
sufficient, under the lesser "preponderance" standard applicable in
probation revocation proceedings, to support the trial court's finding
that appellant violated a condition of his probation.(2) Martinez v. State,
6 S.W.3d 674, 681 (Tex. App.­Corpus Christi 1999, no pet.) (citing
Thomas v. State, 708 S.W.2d 861, 864 (Tex. Crim. App. 1986)). The
trial court did not abuse its discretion in revoking appellant's community
supervision. Accordingly, appellant's sole issue is overruled. 

 The judgments of the trial court are AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 12th day of April, 2001.

 

1. Appellant asserts S.G. described her assailant as 5'8" to 6' tall with
a scar on the right side of his face from the corner of his mouth and up
his cheek. These descriptions are not found in Officer Price's testimony. 
Instead, they are taken from appellant's cross-examination. 

 Appellant asked S.G., "Do you recall telling Officer Price that the
person who assaulted you was five feet eight to six feet tall?" S.G.
responded, "Honestly I don't remember everything that was said that
particular evening." In further cross-examination, the following
colloquoy transpired:


 Q. Did you state to Officer Price that the person
who assaulted you had a scar on the right side of
his face starting at the corner of his mouth and
continuing up his cheek?


 A. I said that he had ­ I don't remember saying at
the corner of his mouth. But I remember saying
he had a scar on the right side of his face and I
remember drawing it with my finger on my own
cheek. 


 Q. So your answer to my question is no, you did
not tell him that?


 A. My answer to you is I don't know.


 Q. All right. Did you tell him a scar on his face
starting at the corner of his mouth?


 A. I don't know. 

 

 Based on the above testimony and a review of the record, we
disagree with appellant's assertion that S.G. described her assailant as
5'8" to 6' tall with a scar on the right side of his face from the corner of
his mouth up his cheek. 

2. The State's motion to revoke alleged, inter alia, that appellant
violated a condition of his probation by violating the laws of the State
of Texas.