**Opinion filed April 15, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00125-CR

_____

## JAMAI NICOLE BARRON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10597**

## O P I N I O N

The jury convicted Appellant, Jamai Nicole Barron, of the second-degree felony offense of tampering with physical evidence, namely human corpses. *See* TEX. PENAL CODE ANN. § 37.09(c), (d)(1) (West 2016). The jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. Appellant's sentence of

confinement was suspended, and Appellant was placed on community supervision for ten years. The jury also assessed a fine of $10,000.

In four issues on appeal, Appellant asserts (1) that the trial court committed cumulative error in declaring Appellant's justification defense irrelevant and preventing Appellant from arguing self-defense and presenting evidence of justification defenses throughout the case, (2) that the evidence is legally insufficient to support the verdict, (3) that the trial court erred in omitting a jury charge instruction on the lesser included offense of attempted tampering, and (4) that the trial court erred in omitting from the court's charge jury instructions as well as application paragraphs on Appellant's justification defenses. We first address Appellant's sufficiency-of-the-evidence issue, then Appellant's cumulative-error and justification issues, then Appellant's issue related to the lesser included offense of attempted tampering. We affirm.

*Background Facts*

Around 10:00 p.m. one night, Appellant began drinking, smoking marihuana, and using cocaine with her boyfriend Juan Ramon Barron and one other friend. Around 4:00 a.m., Appellant and Juan heard a knock at the back door. Juan grabbed a knife before answering the door, as they were not expecting company. Two men dressed in all black and wearing ski masks were at the door. Juan rushed toward them, yelling, "You ain't going to rob me . . . ." A fight ensued between Juan and the two men. Appellant grabbed two knives and joined Juan in the fight. Juan repeatedly stabbed one of the men—who was holding a gun—in the neck, face, and "anywhere [he] could reach." Juan took the gun from him, turned around to the other man fighting with Appellant, and "shot the guy until [Juan] thought he was dead."

Both Juan and Appellant were still intoxicated during these events and began to panic. They decided to drag the corpses to the side of the trailer, pull back the

2

skirt from the bottom of the trailer, and stuff the bodies under the trailer. They placed the skirt back on the trailer and cleaned the trailer and yard with bleach and water. Juan dug up the areas of dirt that were covered in blood, placed the blood-soaked dirt along with his bloody clothes in blankets, and hid them behind a shed. Juan wrapped the gun in a paper towel and placed the gun, along with the shell casings, in a pizza box on the kitchen table. After sobering up, Appellant and Juan decided to "turn[] [themselves] in" and went to the police station to inform the police of what had occurred. Appellant was then arrested and charged with tampering with physical evidence. The jury convicted Appellant, and this appeal followed.[1]

*Analysis*

## I. Sufficiency of the Evidence

In her second issue on appeal, Appellant contends that the evidence is insufficient to prove beyond a reasonable doubt that Appellant actually *completed* the act of tampering with evidence. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial, including pieces of evidence that may have been improperly

---

[1]In a separate trial, Juan Ramon Barron was convicted of murder arising from the same criminal episode. We recently affirmed his murder conviction. *See Barron v. State*, No. 11-18-00324-CR, 2021 WL 747698 (Tex. App.—Eastland Feb. 26, 2021, pet. filed). Juan was also tried and convicted of tampering with physical evidence. We are issuing an opinion in Cause No. 11-19-00128-CR that also affirms his conviction for tampering with physical evidence.

3

admitted.  *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded.  *Brooks*, 323 S.W.3d at 899.  This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt.  *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction.  *Hooper*, 214 S.W.3d at 13.

A person commits the offense of tampering with evidence if, "knowing that an offense has been committed, [the person] alters, destroys, or conceals any . . . thing with intent to impair its . . . availability as evidence in any subsequent investigation of or official proceeding related to the offense."  PENAL § 37.09(d)(1). This statute requires proof of three elements: the defendant (1) knew an offense was committed; (2) concealed, altered, or destroyed a thing; and (3) intended to impair the availability of that thing as evidence in any subsequent investigation or official proceeding related to the offense.  *Stahmann v. State*, 602 S.W.3d 573, 576 (Tex. Crim. App. 2020).

A person has knowledge of the commission of a murder where that person is aware at the time of his alleged acts that someone intentionally or knowingly caused the death of another individual.  *See* PENAL § 19.02(b)(1) (West 2019); *Hall v. State*, 283 S.W.3d 137, 159 (Tex. App.—Austin 2009, pet. ref'd).

4

Proof of actual concealment "requires a showing that the allegedly concealed item was hidden, removed from sight or notice, or kept from discovery or observation." *Stahmann*, 602 S.W.3d at 581 (quoting *Stahmann v. State*, 548 S.W.3d 46, 57 (Tex. App.—Corpus Christi–Edinburg 2018), *aff'd*, 602 S.W.3d 573 (Tex. Crim. App. 2020)); *see also Rotenberry v. State*, 245 S.W.3d 583, 586 (Tex. App.— Fort Worth 2007, pet. ref'd) (noting in dicta that "[the defendant] concealed *physical evidence*—[the victim's] body—when [the defendant] hid the body in the septic tank").

A person acts with the intention to impair the availability of the evidence in a subsequent investigation or proceeding related to the offense when it is the person's conscious objective or desire to impair the availability of the evidence. *See* PENAL § 6.03(a) (West 2011). The focus of this element is only whether Appellant *intended* to impair the availability of the thing by concealing it; it is not an element of the offense that concealment actually impair the evidence's availability. *See* PENAL § 37.09(d)(1); *Carnley v. State*, 366 S.W.3d 830, 835 (Tex. App.—Fort Worth 2012, pet. ref'd); *Lewis v. State*, 56 S.W.3d 617, 625 (Tex. App.—Texarkana 2001, no pet.).

Here, the record demonstrates that Appellant was aware that Juan stabbed one man repeatedly in the face and neck, grabbed the gun from him, and "shot the [other] guy until [Juan] thought he was dead." When Appellant subsequently talked to police, she stated that she and Juan "had done something bad" because "someone broke into their house and that [Appellant and Juan] had killed them." Appellant expressly admitted to police that they dragged the corpses by their feet to the side of the trailer, removed the skirting from the trailer, "stuffed them under the house," placed the skirt back on the trailer, and proceeded to clean up the trailer and yard with bleach and water. Juan also dug up the areas of dirt that were covered in blood, placed the blood-soaked dirt and their bloody clothes in blankets, and hid the

blankets along with drugs behind a shed. Appellant admitted to seeing Juan wrap the gun in a paper towel and place the gun, along with the shell casings, in a pizza box on the kitchen table.

Viewing the evidence in the light most favorable to the verdict, we conclude that sufficient evidence exists to prove beyond a reasonable doubt that Appellant was aware that a murder had been committed, that she actually concealed the corpses, and that she did so intending to impair the availability of the corpses as evidence in a subsequent investigation or proceeding related to the underlying offense.

Appellant also asserts the law of justification and renunciation as defenses to her conduct. For reasons discussed in the remainder of this opinion, neither the law of justification nor renunciation applies to a charge of tampering with evidence under these facts. We overrule Appellant's second issue.

*II. Justification Defense*

In her first issue on appeal, Appellant contends that the trial court committed cumulative error in declaring Appellant's justification defenses irrelevant and in preventing Appellant from presenting evidence of justification defenses throughout the trial. The indictment read, in relevant part, that Appellant "did then and there, knowing that an offense had been committed, to-wit: murder, intentionally or knowingly alter or conceal human corpses . . . with intent to impair their availability as evidence in any subsequent investigation or official proceeding related to the offense." Appellant asserts that, given the manner in which the State indicted Appellant, murder was a required element in the State's proof and, thus, justification defenses were clearly relevant to the case. We disagree.

The doctrine of cumulative error provides that the cumulative effect of several errors can, in the aggregate, constitute reversible error, even though each individual error may be harmless. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim.

6

App. 1999). However, the doctrine only applies if the alleged errors complained of actually constitute error. *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009).

As we previously noted, one element of tampering with evidence under subsection (d)(1) requires that the defendant know about the commission of an offense. *See* PENAL § 37.09(d)(1); *Stahmann*, 602 S.W.3d at 576. Appellant's defensive posture throughout trial—as well as her posture on appeal—appears to be that, because the indictment used the word "murder" rather than "offense" and because Appellant believed Juan's conduct of intentionally or knowingly killing the two intruders was justified, Appellant did not know that a "murder" had been committed.

At the outset, we note that justification defenses only apply to conduct for which the defendant is currently being prosecuted. *See* PENAL § 9.02 ("It is a defense to prosecution that the *conduct in question* is justified under this chapter." (emphasis added)). Here, although the indictment expressly defines the underlying offense as murder, the State, in the case currently before this court, was not prosecuting Appellant for murder; Appellant was only being prosecuted for the offense of tampering with evidence. As a matter of law, self-defense does not change the nature of the underlying conduct—murder. Rather, it is a defense to *prosecution* for the underlying conduct of murder. Because Appellant's justification defenses do not apply to excuse the *conduct in question*—tampering with evidence, justification defenses are wholly irrelevant in this case. *See id.*

Further, that the underlying offense may be justified is of no consequence in determining whether a defendant had knowledge of its commission. Justification defenses are based on the common law doctrine of confession and avoidance. *See Juarez v. State*, 308 S.W.3d 398, 401–04 (Tex. Crim. App. 2010). A justification defense only excuses culpability to what would otherwise constitute punishable

conduct; it is not something that negates the elements of the underlying offense or transforms the underlying conduct so that it no longer constitutes an offense. *See id.*; *Crayton v. State*, No. 03-14-00570-CR, 2016 WL 6068250, at *9 (Tex. App.—Austin Oct. 14, 2016, pet. ref'd) (mem. op., not designated for publication) ("Thus, the jury's decision to acquit appellant of murder based on self-defense does not mean that the murder did not occur; it means only that appellant claimed, and the jury decided, that the murder was justified."); *see also Stahmann*, 548 S.W.3d at 63 (holding Section 37.09(d)(1) "requires a showing that the defendant have knowledge that an 'offense' occurred[;] it does not require that the 'offense' be committed by the defendant").

In the instant case, the underlying offense was murder. Section 19.02(b)(1) clearly states: "*A person commits an offense if he . . .* intentionally or knowingly causes the death of an individual[.]" PENAL § 19.02(b)(1) (emphasis added). Nowhere in Section 19.02 does it require the defendant's conduct to be unjustified in order to constitute the commission of the offense. *See id.* Had the legislature intended for justification defenses to negate the commission of the offense of murder, it could have easily stated: "A person commits an offense if he . . . intentionally or knowingly causes the death of an individual, *and the death was not otherwise justified*." However, it did not include such language, "and it is not for us to add or subtract to that which the Legislature has expressed." *Parfait v. State*, 120 S.W.3d 348, 350 (Tex. Crim. App. 2003).

From the plain language of the statute, then, so long as Appellant knew that she or someone else intentionally or knowingly caused the death of another individual, then Appellant knew about the commission of a murder. *See* PENAL § 19.02(b)(1). Whether Appellant believed that she would not be subsequently *prosecuted and convicted* for the offense of murder because such conduct was justified is immaterial to a determination of whether Appellant knew a murder was

committed. *See id.* §§ 19.02(b)(1), 37.09(d)(1); *Juarez*, 308 S.W.3d at 401–04; *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Crayton*, 2016 WL 6068250, at *9–10; *Hall v. State*, 283 S.W.3d 137, 159 (Tex. App.—Austin 2009, pet. ref'd). It is also immaterial to altering the evidence thereafter. For these reasons, justification defenses are wholly irrelevant to the charged offense of tampering with physical evidence. The introduction of this legal concept in conjunction with the charge of tampering with physical evidence would unnecessarily risk confusing the jury in determining the outcome of this case. We hold that the trial court did not commit error—cumulative or otherwise—in preventing Appellant from asserting justification defenses. We overrule Appellant's first issue.

As to Appellant's fourth issue, for the reasons stated above, the trial court did not err in omitting from the court's charge a jury instruction on justification defenses and did not err in omitting a paragraph from the court's charge on the application of justification defenses to the facts of this case. *See Shaw*, 243 S.W.3d at 658; *Hutcheson v. State*, 899 S.W.2d 39, 42 (Tex. App.—Amarillo 1995, pet. ref'd) ("[A defendant] is not entitled to an instruction which is not raised by the evidence."). We overrule Appellant's fourth issue.

*III. Criminal Attempt and Renunciation*

In her third issue, Appellant contends that she was entitled to an instruction and application paragraph within the charge on the lesser included offense of attempted tampering with evidence and that she was therefore, under the terms of Section 15.04(a), entitled to raise the affirmative defense of renunciation. Consequently, she also asserts that she was entitled to an instruction and application paragraph within the charge on renunciation. This is a house of cards that stands or falls on whether a jury could reasonably have found her conduct to constitute *only* attempted tampering with evidence, not a completed commission of the crime of tampering with evidence.

During the charge conference, Appellant requested that language from Sections 15.01 and 15.04 of the Penal Code be added to the charge. *See* PENAL § 15.01 (criminal attempt), § 15.04 (renunciation defense). The trial court denied her request, stating that criminal attempt is not a lesser included offense and that, "even if it was, attempt is not involved in -- is not in this case." Appellant grasps onto the last portion of Section 15.04(a) of the Penal Code, asserting that her conduct of confessing to the police and revealing the location of the bodies before the police began a search for the evidence—or even knew that a crime had been committed— constitutes effective renunciation per the statute even "*if abandonment was insufficient to avoid commission of the offense, by taking further affirmative action that prevented the commission.*" *Id.* § 15.04(a) (emphasis added). We disagree; renunciation is inapplicable under these facts, and Appellant was not entitled to an instruction and application paragraph in the court's charge on attempted tampering with physical evidence or renunciation.

We apply a two-step analysis to determine whether a defendant is entitled to the inclusion of a lesser included offense in the jury charge. *Safian v. State*, 543 S.W.3d 216, 219 (Tex. Crim. App. 2018); *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). First, we must determine whether the lesser offense is actually a lesser included offense of the offense charged as defined by Article 37.09 of the Texas Code of Criminal Procedure. *Rice*, 333 S.W.3d at 144 (citing TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006)). Article 37.09(4) states: "An offense is a lesser included offense if . . . it consists of an attempt to commit the offense charged . . . ." CRIM. PROC. art. 37.09(4). Therefore, because Appellant was charged with completed tampering with evidence, attempted tampering with evidence is properly considered a lesser included offense under these facts.

The second and final step in the analysis is to determine whether the record contains some evidence that would permit a rational jury to find that the defendant

is guilty *only* of the lesser included offense. *Safian*, 543 S.W.3d at 220; *Rice*, 333 S.W.3d at 145. In other words, there must be more than a scintilla of evidence from which a rational jury could acquit Appellant of tampering with evidence while convicting her of the lesser included offense of attempted tampering with evidence. *See Safian*, 543 S.W.3d at 220. In making this decision, this court evaluates the evidence in the context of the entire record, but we do not consider whether the evidence is credible, controverted, or in conflict with other evidence. *See Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018). Nevertheless, the evidence cannot be speculative; it must consist of affirmative evidence that *both* raises the lesser included offense *and* rebuts or negates an element of the greater offense. *Wortham v. State*, 412 S.W.3d 552, 558 (Tex. Crim. App. 2013); *see Ransier v. State*, 594 S.W.3d 1, 8–9 (Tex. App.—Houston [14th Dist.] 2019, pet. granted).

In the instant case, it is important to note that the record is devoid of any evidence that tends to negate any essential element of the object offense of tampering with evidence—notwithstanding Appellant's improper attempt to use justification defenses to negate knowledge of the commission of an offense. Instead, Appellant solely contends on appeal that a jury could only find her guilty of attempted tampering because informing the police of the bodies and their location constituted a valid renunciation. Accordingly, whether the second prong is satisfied depends upon the applicability of a renunciation defense under these facts. We hold that renunciation does not apply; it is inconsequential that Appellant subsequently informed the police of the location of the bodies after they had been removed from their original locations and hidden under the trailer.

By the plain terms of Section 15.04, the affirmative defense of renunciation only applies to the offenses of criminal attempt, conspiracy, and solicitation. PENAL § 15.04. Section 15.04(a)–(d) lists Sections 15.01, 15.02, and 15.03 as conditioned

11

offenses in Section 15.04's application. *Id.* These are inchoate offenses intended to effect another underlying offense—in this case, the underlying offense at issue is tampering with physical evidence. *See id.* A renunciation defense under Section 15.04(a) expressly limits its scope to criminal attempts. *Id.* § 15.04(a). "Criminal attempt" requires an affirmative act that constitutes more than "mere preparation" that "tends but fails to effect the commission of the offense intended." *Id.* § 15.01(a). "There is necessarily a gray area between conduct that is clearly no more than mere preparation and conduct that constitutes the last proximate act prior to actual commission of the offense." *Brooks v. State*, 604 S.W.3d 239, 250 (Tex. App.—Austin 2020, pet. granted) (quoting *Come v. State*, 82 S.W.3d 486, 489 (Tex. App.—Austin 2002, no pet.)). Where in this gray area the conduct falls must be determined on a case-by-case basis. *See id.*; *see also Gibbons v. State*, 634 S.W.2d 700, 706–07 (Tex. Crim. App. 1982).

Under Section 15.04(a), an actor engaging in a criminal attempt may abandon her criminal conduct at any time before performing the last proximate act tending to effect the commission of the object offense. PENAL § 15.04(a); *Thomas v. State*, 708 S.W.2d 861, 863 (Tex. Crim. App. 1986). Even then, the defense is allowed where the last proximate act has occurred but the criminal result can still be avoided by taking further affirmative acts to prevent its commission, "as for example when the fuse has been lit but can still be stamped out." *Thomas*, 708 S.W.2d at 863 (quoting former MODEL PENAL CODE § 5.01, at p. 360 (1985)). However, where the actor has performed the last act necessary to constitute a complete commission of the object offense, or where the actor has otherwise "put in motion forces that he is powerless to stop," there can be no renunciation of the criminal conduct. *See id.*

There must also be an affirmative showing that the abandonment was the result of "voluntary repentance or change of heart." *In re J.F., Jr.*, 948 S.W.2d 807, 811 (Tex. App.—San Antonio 1997, no writ); *see Thomas*, 708 S.W.2d at 863–64.

12

That the attempt was not successful or that abandonment of commission of the offense occurred for some other motive is not a renunciation. *See* PENAL § 15.04(c)(1) ("Renunciation is not voluntary if it is motivated in whole or in part . . . by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more difficult the accomplishment of the objective."). Accordingly, under Section 15.04(a), only in the case of *attempted* tampering with evidence and only where Appellant's voluntary actions of abandonment did not ultimately result in the *commission* of tampering with physical evidence may there exist a fact question on the application of renunciation to be decided by the jury.

We first note that Appellant in this case was only charged with tampering with evidence under Section 37.09(d)(1), not with attempted tampering with evidence under Section 15.01. *See* PENAL §§ 15.01, 37.09(d)(1). The rationality behind Appellant's position is cyclical; Appellant cannot assert that her conduct only constituted attempted tampering because she renunciated—as she contends in this case—while simultaneously contending that the law of renunciation applies precisely because her conduct only constituted attempted tampering. Because Appellant was not charged with an offense under Sections 15.01, 15.02, or 15.03, renunciation is inapplicable, and Appellant cannot assert the defense to support an instruction on attempted tampering. *See* PENAL §§ 15.01–.03; *Wesbrook v. State*, 29 S.W.3d 103, 121–22 (Tex. Crim. App. 2000) (renunciation instruction under Section 15.04(b) not warranted where defendant was not prosecuted for conspiracy to commit or solicitation of murder); *see also Stout v. State*, No. 05-05-01064-CR, 2006 WL 540338, at *1 (Tex. App.—Dallas 2006, no pet.) (not designated for publication) ("Unless a defendant is charged under section 15.01 . . . , 15.02 . . . , or 15.03 . . . of the penal code, a renunciation defense does not apply.").

Moreover, Appellant may not use renunciation as a defense because the object offense of tampering with evidence had already been completed. *See* PENAL §§ 15.01, 15.04, 37.09(d)(1); *Thomas*, 708 S.W.2d at 863; *In re J.F., Jr.*, 948 S.W.2d at 811 ("In the present case, appellant was not charged with an attempted offense. The offense appellant claims to have abandoned actually occurred. Therefore, appellant was not entitled to avail himself of the defense of renunciation."). By completing the object offense, Appellant necessarily failed to "tak[e] further affirmative action that prevented the commission [of the offense]." PENAL § 15.04(a). Additionally, this is not a case in which "abandonment was insufficient to avoid commission of the offense." *Id.* To avoid committing the offense, Appellant could have abandoned her conduct at any time before hiding the bodies under the trailer. Of course, it is axiomatic to say that abandonment is insufficient to avoid the commission of the offense once the offense has been committed, but the statute cannot reasonably be interpreted to encompass such a scenario. *See Thomas*, 708 S.W.2d at 863 (citing former MODEL PENAL CODE § 5.01, at p. 360 (1985)). Under these facts, Appellant's conduct was not a renunciation: it was a confession. *See id.*; *see also McCray v. United States*, 276 F.2d 705, 707 (5th Cir. 1960) ("When . . . the offenses charged are substantive offenses and the defendants admit that they committed them, there is no room or place for purging guilt by abandonment of the criminal act and renunciation of the criminal intent. There is only place and time for a full confession of guilt . . . ."). Therefore, renunciation is inapplicable and there must exist some evidence warranting an instruction on the lesser included offense of attempted tampering independent of a defense on renunciation.

Without the ability to rely on renunciation as a defense, Appellant's admitted acts of moving and placing bodies under the skirt of the trailer greatly exceed mere preparation; indeed, they are affirmative acts of commission that exceed the scope of criminal attempt entirely because they actually "effect[ed] the commission of the

14

offense intended." *See* PENAL § 15.01(a). The record contains no evidence from which a rational jury could find that, if Appellant was guilty, she was guilty of *only* attempted tampering with evidence. *See Rice*, 333 S.W.3d at 145; *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981). Therefore, we hold that the second prong of the test set forth above was not met and that the trial court did not err in omitting an instruction in the court's charge on the lesser included offense of attempted tampering with evidence.

Accordingly, the trial court did not err in refusing to submit an instruction and application paragraph in the court's charge on the lesser included offense of attempted tampering or on the affirmative defense of renunciation. We overrule Appellant's third issue.

## This Court's Ruling

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


April 15, 2021

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.